IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TROY BAKER, STEVE COSBAN,
MATTHEW CHAMPLIN, DANIEL
PARSONS, and JOSHUA RAMIREZ,**

        Plaintiffs,

v.                        No. CIV 11-528 BB/ACT

**CITY OF SANTA FE,**

        Defendant.

**MEMORANDUM OPINION**

        This matter comes before the Court for consideration of a motion to dismiss all federal claims raised in the complaint, and to remand the case to state court, filed by Plaintiffs [Doc. 15]. The Court has reviewed the submissions of the parties and the relevant law. Based on this review, the motion will be granted.

        Plaintiffs were or are employed as police officers by the City of Santa Fe. After disciplinary measures were taken against Plaintiffs, they filed a complaint in state court raising both federal and state-law claims. These claims included § 1983 claims for violation of their First Amendment rights and their rights to due process, a defamation claim, and a claim for breach of contract. [Doc. 1, Exh. 1] On June 15, 2011, Defendant removed the action to this Court, on the basis of the federal claims contained in the complaint. A few weeks later, on August 3, 2011, Plaintiffs moved to dismiss their federal claims and to remand this case to the state court from which it had been removed. Defendant opposes Plaintiffs' motion.

        Plaintiffs' stated reason for dismissing their federal claims is that they wish to solely pursue the arbitration procedure available to them under the collective bargaining agreement entered into by the City of Santa Fe and Plaintiffs' union, rather engaging in litigation on two fronts. Plaintiffs affirmatively state they will not raise these federal claims again in state court

following remand. Defendant disputes Plaintiffs' statements. The City claims Plaintiffs filed their original state-court lawsuit in order to obtain quick discovery to use in the arbitration proceeding, then attempted to obtain such immediate discovery in federal court after the case was removed, and have only now moved to dismiss after their attempts have been rejected due to this Court's requirements for scheduling discovery. Defendant adds that, if the federal claims are allowed to be dismissed, they should be dismissed with prejudice rather than without prejudice.

In support of their motion to dismiss their federal claims, Plaintiffs cite a Tenth Circuit case regarding voluntary dismissal of a case under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *Brown v. Baeke*, 413 F.3d 1121 (10th Cir. 2005). As Plaintiffs point out, the *Brown* case does hold that a district court has discretion to approve of a voluntary dismissal without prejudice, and sets out several factors to be considered in exercising that discretion: (1) whether the defendants will suffer "legal prejudice" if the dismissal is granted; (2) the opposing party's effort and expense in preparing for trial; (3) excessive delay and lack of diligence on the part of the movant; (4) insufficient explanation of the need for a dismissal; and (5) the present stage of the litigation." *Id.*, 413 F.3d at 1123-24.

There is one problem, however, with Plaintiffs' reliance on *Brown v. Baeke*. The *Brown* opinion analyzes Rule 41(a)(2), which refers to dismissal of an entire case, rather than certain claims raised in a case. There is a split of authority as to whether Rule 41(a)(2) applies to the latter situation; a number of courts, including circuit courts, have held that Rule 41 does not apply when a plaintiff asks to dismiss some, but not all, of the claims in a complaint. *See, e.g., Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005); *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). Instead, Rule 15, concerning amendments to a complaint, is the appropriate rule to apply in such a situation. *See Kennedy v. Full Tilt Poker*, 2010 WL 3984749 (C.D. Cal., unpublished); *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, 2010 WL 3927508 (N.D. Ind. unpublished). Other courts, on the other hand, have simply applied Rule 41 without questioning the matter. *See, e.g.,*

*Ortiz v. Univ. of Med. & Dentistry of New Jersey*, 2009 WL 2194782 (D. N.J. unpublished); *Datto v. Thomas Jefferson Univ.*, 2009 WL 577458 (E.D. Pa. unpublished).

  Ultimately, the Court need not weigh in on this debate, because the analysis under each Rule is essentially the same. *See Skinner v. First American Bank of Virginia*, 1995 WL 507264 (4th Cir. unpublished) (referring to Rules 15 and 41, and pointing out that "...similar standards govern the exercise of discretion under either rule."). Under each rule, a plaintiff's request to amend or dismiss should be freely granted, absent some demonstrable prejudice to the opposing party. *See Brown v. Baeke, supra,* 413 F.3d at 1123 (absent "legal prejudice" to the defendant, a court should normally grant a voluntary dismissal under Rule 41(a)(2)); *Skinner* (under Rule 15(a), leave to amend should be "freely given when justice so requires."). The analysis under both rules focuses on factors such as the stage of the proceedings, whether the plaintiff is attempting to avoid an impending and potentially adverse ruling on a dispositive motion, and the amount of time and money that has been spent on the case by the opposing party. *Brown* at 1124; *Skinner*. One factor that is not part of the equation, however, is the prospect of a subsequent lawsuit by the plaintiff against the defendant; courts have rejected the idea that prejudice can be shown by simply complaining that the plaintiff may file a new lawsuit after the current case is dismissed. *See, e.g., Kwan v. Schlein,* 634 F.3d 224, 230 (2d Cir. 2011) (dismissal without prejudice might be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit). The bottom line is that dismissal of an entire case, or of certain claims raised in a case, will be granted without prejudice unless it can be shown that such dismissal would cause demonstrable, unfair prejudice to the opposing party.

  In this case the relevant factors weigh in favor of allowing Plaintiffs to dismiss without prejudice the federal claims contained in their complaint. Plaintiffs did not unduly delay in filing their motion to dismiss; the case was removed on June 15th of this year and Plaintiffs filed their motion on August 3d. Furthermore, neither party has engaged in discovery, as the case management deadlines were established on October 6th and Defendant has since filed a motion

requesting a stay of discovery.  At this early stage of the proceedings, Defendant has not filed a motion to dismiss or for summary judgment, so it cannot be said that Plaintiffs are attempting to avoid a potential adverse ruling.  In sum, Defendant cannot demonstrate the type of legal prejudice that could cause the Court to deny Plaintiffs' request to dismiss their federal claims from this lawsuit, without prejudice.

The remaining issue, which need not detain the Court long, is whether the case should be remanded to state court once the federal claims have all been removed from this action.  The Tenth Circuit has held that generally, where all federal claims are dismissed from a lawsuit before trial, the federal court should decline to exercise further jurisdiction over any remaining state-law claims.  *See, e.g., Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir.2010).  This is especially true at such an early stage of the proceedings, before the parties have invested much time, effort, or money in the litigation.  The Court sees no reason why Plaintiffs should not be allowed to forego their federal claims, have the action remanded to state court, and pursue the remedies available to them in the arbitration forum.

**Conclusion**

Based on the foregoing, the Court will grant Plaintiffs' motion to dismiss their federal claims without prejudice, and to remand this case to the state court from which it was removed.

Dated this 2nd day of November, 2011.

                                                                  _____
                                                                  BRUCE D. BLACK
                                                                  United States District Judge